### No. 8152.

THE STATE OF LOUISIANA EX REL. P. O. FAZENDE VS. THE
CITY OF NEW ORLEANS.

A *mandamus* cannot be granted where, if allowed, it would prove unavailing.

It does not lie against municipal authorities in existence in 1883, to place a sum on the City
budget of 1879, when the revenues and receipts of that year, as therein stated, have been
applied to the expenditures therein specified.

The rights of the relator are secured by the registry of his judgment, under Act 5 of 1870,
and the ruling in 33 An. 129.

The decision in the Southern Bank case, 31 An. 1, is no authority, having been reversed in
all its parts, by the U. S. Supreme Court.

APPEAL from the Civil District Court for the Parish of Orleans.
*Tissot*, J.

---

*W. S. Benedict* for the Relator and Appellant.

*C. F. Buck*, City Attorney, and *Wynne Rogers* for Defendant and
Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is a proceeding for a *mandamus* to compel the municipal authorities to place the sum, for which relator claims to be a judgment creditor of the City, on the budget of 1879.

From a judgment refusing the relief asked, the relator has appealed.

This suit was brought in February, 1879.   The judgment complained of was rendered and signed in January, 1881.   Two years have since elapsed.

The budget for 1879 had been adopted in December of the preceding year, when the action was instituted.   It shows that a sum of $10,000 had been appropriated and set apart to be applied to the judgments against the City.

The revenues raised, or to be raised for 1879, to satisfy the liabilities figuring in the estimate of expenditures, have been applied to the purposes for which they were intended.

The plaintiff has registered his judgment under the provisions of Act 5 of 1870.   There can be no doubt that. the principles enunciated in the Carondelet Canal Company case, 30 An. 129, upon which he rests his claim, are applicable to the issues presented, but we are at a loss to perceive how, after the ruling in the Samory case, 34 An. 469, we can grant him the specific relief which he asks.

If the remedy sought was granted, it would prove unavailing.   High Ex. Rem. § 14.

We cannot see what relief the appellant can realize by invoking the decision in the Southern Bank case, 31 An. 1, which is no authority, having been reversed, in all its parts, by the United States Supreme Court.   105 U. S. p.    .

Judgment affirmed.